NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
Pennsylvania corporation, Plaintiff—
Appellee,

v.

Chester S. GARBER;  Emilia Ting
Garber, MD, Defendants,

and

Betty Ting, Defendant—Appellant.

National Union Fire Insurance Compa-
ny Of Pittsburgh, PA, a Pennsylvania
corporation, Plaintiff—Appellee,

v.

Chester S. Garber;  Emilia Ting
Garber, MD;  Betty Ting,
Defendants–Appellants.

No. 00–16306, 01–15689.
D.C. No. CV–94–05414–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2002.

Filed April 16, 2002.

Amended Aug. 26, 2002.

Decided Aug. 26, 2002.

Before BEEZER, THOMAS and W. FLETCHER, Circuit Judges.

## AMENDED MEMORANDUM *

Chester and Emilia Garber ("the Garbers") and Betty C. Ting appeal the district court's judgments in favor of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). We affirm in part, reverse in part, vacate in part, and remand. Because the parties are familiar with the factual and legal history of these cases, we will not recount it here.

### I

■ Both the Garbers and Ting have a sufficient personal stake in the outcome to have constitutional standing to pursue this appeal. *See Pershing Park Villas Homeowners Assn. v. United Pacific Ins. Co.*, 219 F.3d 895, 899–901 (9th Cir.2000). Although the trustee in bankruptcy is the proper party to prosecute causes of action on behalf of the bankruptcy estate, *see Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir.1994), National Union obtained relief from the automatic stay to pursue this action against the respective debtors on the basis that the estate had no interest in the action. Given the potential liability, the debtors have a right to defend themselves in this action;

the trustee is not obligated to defend them. We decline to dismiss this appeal on the basis of lack of standing.

### II

The district court properly granted summary judgment on National Union's fraudulent transfer claim relating to the 1991 transfer of real property. Under California law, a creditor may prove a fraudulent transfer by showing that the debtor made the transfer at issue without receiving reasonably equivalent value and was either insolvent at the time of the transfer or became insolvent as a result of the transfer. Cal. Civ.Code §§ 3439.04(b), 3439.05. After a careful examination of the record and the briefs, we agree that summary judgment was appropriate for National Union's real property transfer claims under Cal. Civ.Code § 3439.05.

### III.

■ The district court erred in granting summary judgment on National Union's stock transfer claim under Cal. Civ.Code § 3439.04(a) because the court improperly weighed the credibility of the evidence before it in deciding that the Garbers and Ting acted with fraudulent intent in making the transfers. The court described a number of facts which suggest that the Garbers acted with fraudulent intent, but the Garbers also presented evidence suggesting that the transfers were made because of Ting's lawsuit and the resulting agreement settling those claims. "Actual intent" is a question of fact reserved for the jury or trial court, *see Slater v. Bielsky*, 183 Cal.App.2d 523, 527, 6 Cal.Rptr. 683 (Cal.Ct.App.1960), and summary judgment on National Union's actual intent claim would be appropriate only if "the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

evidence, viewed in a light most favorable to the non-moving party, presents [no] genuine issues of material fact." *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995). Given the subjective nature of the actual intent test and the evidence presented by the Garbers and Ting relating to the complaint and settlement agreement, we cannot say that "the record as a whole could not lead a rational trier of fact to find for the non-moving party." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, we reverse the district court's grant of summary judgment on the 1988 stock transfer claim.

### IV

■ The district court's findings of fact supporting the Ting sanction order were not clearly erroneous. However, the district court improperly entered a default money judgment for $213,494.67 against Ting without considering less severe sanctions. Whether a district court properly considered the adequacy of less drastic sanctions before dismissing a party's case requires us to consider findings in which the district court (1) discusses the feasibility of less drastic sanctions and explains why such alternate sanctions would be inappropriate; (2) implements alternative sanctions before ordering dismissal; and (3) warns the party of the possibility of dismissal before imposing the sanction. *Anheuser–Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 352 (9th Cir. 1995). In this case, the order imposing sanctions does not reflect an express consideration of lesser sanctions, or the imposition of alternate sanctions prior to entry of default. A conclusory statement that lesser sanctions would be inappropriate is insufficient in itself to demonstrate that the district court actually considered lesser sanctions. *See Halaco Engineering Co.*

*v. Costle*, 843 F.2d 376, 381 (9th Cir.1988). We also note (1) that National Union was unable to articulate at oral argument why lesser sanctions, such as the imposition of a lesser monetary sanction, would not be appropriate; and (2) that much of the evidence supporting sanctions related to the destruction of records relevant to the 1988 stock transfers, rather than to the transfers of real property that were properly avoided in the court's order granting summary judgment.

We vacate the default judgment against Ting and remand to the district court for reconsideration in light of the evidence presented to support the sanctions motion and the factors relevant to imposing a sanction of default judgment.

### V

■ The district court's order awarding an unspecified amount of attorneys fees is not a final appealable order under 28 U.S.C. § 1291. *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir.1989). We lack appellate jurisdiction to consider the issue.

### VI

At oral argument, National Union told us that the bankruptcy court has placed sufficient funds in the possession of National Union to satisfy the judgment against the Garbers, subject to some conditions on the final release of those funds. As such, it appears to us that the Garber litigation, apart from attorneys fees, may be moot. However, the relevant records are not part of this appeal, nor otherwise before us.

We vacate and remand this case with the instruction that the district court first determine whether the Garber litigation is moot and appropriate for dismissal. If

not, it may confirm the judgment against the Garbers for the fraudulent transfers. We vacate the Ting judgment and remand it for further proceedings consistent with this disposition.

**AFFIRMED IN PART; REVERSED IN PART; VACATED and REMANDED**